UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RHONDA H. MORRISON

VERSUS

UNUM LIFE INSURANCE
COMPANY OF AMERICA

CIVIL ACTION

NUMBER 09-971-SCR

**OPINION AND RULING**

Defendant Unum Life Insurance Company of America filed a Motion to Establish That Plaintiff's Claim is Governed by ERISA and That Her State Law Claim is Preempted.  Record document number 15. Plaintiff filed an opposition.[1]

After review of the defendant's motion, the court issued a Notice and Order informing the parties of state law grounds on which the case might be resolved without reaching the ERISA[2] preemption issues raised by the defendant and giving the parties a opportunity address them.[3]  The parties filed their memoranda in response to the order.[4]  After careful review of the record in light of the applicable law, the court finds it is unnecessary to decide whether the plaintiff's state law claim is preempted under

---

[1] Record document number 18.

[2] Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

[3] Record document number 19.

[4] Record document numbers 20 and 21.

29 U.S.C. § 1132(a)(complete preemption under exclusive enforcement provisions) or 29 U.S.C. § 1144(a) (conflict preemption) of ERISA. Based on the law and analysis which follows, the court finds that the plaintiff does not have, nor could she establish if she did, a claim for disability discrimination under LSA-R.S. 22:1097.

## Background

On September 29, 2009 plaintiff Rhonda H. Morrison filed a suit in state court against defendant Unum Life Insurance Company of America.[5] Plaintiff was employed by Tenet Healthcare Corporation as a computer project leader and business analyst. During her employment the plaintiff was a beneficiary of a long term disability policy issued by the defendant to her employer. In October 1999 the plaintiff was severely injured in a car accident and had to undergo surgery. After these events the plaintiff, who had a medical history of polio and scoliosis, was unable to drive or perform the duties of her own or any other occupation.[6] Defendant paid long term disability benefits to the plaintiff

---

[5] Plaintiff previously filed an action in another federal court alleging the denial of long term disability benefits was a violation of the Americans With Disabilities Act (ADA). In her complaint the plaintiff asserted supplemental state law claims under LSA-R.S. 22:652.1. Plaintiff's ADA claim was dismissed, but the court declined to exercise supplemental jurisdiction over the state law claim, which was dismissed without prejudice. State Court Petition, ¶¶ 23-24; *Morrison v. Unum Life Ins. Co. of America*, 2008 WL 4224807 (W.D. La. Sept. 10, 2008).

[6] Petition, ¶¶ 5-13.

through October 21, 2000, but informed the plaintiff on November 17, 2000 that it was unable to approve benefits beyond October 21. In its letter explaining its decision, the defendant essentially stated that the plaintiff's post-polio syndrome was a preexisting condition under the policy, and if not for that condition she would have fully recovered from the injuries sustained in the accident within one year.

In early 2005 the plaintiff participated in a claims reassessment process. Defendant again denied the plaintiff long term disability benefits for the same reason given in 2000 - the plaintiff's preexisting, post-polio syndrome was the cause of her continuing disability, not the injuries she sustained in the October 1999 accident. Plaintiff alleged in her state court Petition that the July 2006 claims reassessment decision denying her benefits was a violation of LSA-R.S. 22:652.1.[7] Plaintiff claimed that the defendant's decision constituted discrimination under this state law, which prohibits unfair discrimination in the payment of benefits under a policy solely because the owner of the policy has a severe disability.[8] Plaintiff asserted that she was entitled to relief for the defendant's violation of LSA-R.S.

---

[7] This state law has been renumbered and is now LSA-R.S. 22:1097. The substance of the law was not changed. Hereafter, the statute is referred to by its new designation, LSA-R.S. 22:1097.

[8] No claim under ERISA or any other state or federal law is asserted by the plaintiff. The only claim alleged in the plaintiff's Petition is for violation of LSA-R.S. 22:1097.

3

22:1097 in the form of all past due benefits beginning October 21, 2000, and an order that the defendant pay all future benefits as they accrue as long as she is unable to perform the material duties of her former occupation.[9]

Defendant removed the case to this court and asserted two grounds for federal jurisdiction.  Defendant alleged that the petition presented a federal question because the group policy under which the plaintiff is claiming disability benefits is an ERISA plan, and the plaintiff could have brought her claim for benefits under the civil enforcement provision of ERISA, 29 U.S.C. § 1132(a).[10]  Defendant also alleged diversity jurisdiction.  It is a citizen of Maine, the plaintiff is a citizen of Louisiana, and the amount in controversy is satisfied based on the amount of monthly past due benefits the plaintiff is seeking.[11]  The parties do not dispute, and the record demonstrates, that the requirements for diversity jurisdiction are satisfied.  Therefore, the court has subject matter jurisdiction over this removed case.

### **Applicable Law**

There are two types of ERISA preemption.  First, ERISA's civil enforcement provision, 29 U.S.C. § 1332, sets forth a comprehensive

---

[9] Petition, ¶¶ 16-28.

[10] Plaintiff did not dispute this allegation.  Record document number 18, Plaintiff's Memorandum in Opposition, pp. 1, n. 1, 7.

[11] Notice of Removal, ¶¶ V-VI, X-XI.

civil enforcement framework that would be completely undermined if plan participants and beneficiaries were free to obtain remedies under state law which Congress rejected in ERISA. *E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F.3d 785, 797 (5th Cir. 2008), citing, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208-09, 124 S.Ct. 2488 (2004). Therefore, any state law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy is pre-empted because it conflicts with the clear intent of Congress to make the ERISA remedy exclusive. *Id.* Second, ERISA's express preemption clause, 29 U.S.C. § 1144(a), states that ERISA "shall supersede any and all State laws insofar as they now or hereafter relate to" any employee benefit plan. However, 29 U.S.C. § 1144(b)(2)(A) saves from preemption state laws that regulate insurance. *Kentucky Assn. of Health Plans v. Miller*, 538 U.S. 329, 123 S.Ct. 1471 (2003).

However, it is necessary to determine whether ERISA preempts state law only if a plaintiff has stated a cognizable claim under state law. *Arana v. Ochsner Health Plan*, 352 F.3d 973, 976 (5th Cir. 2003). Courts will not pass on constitutional questions properly presented by the record if there is also present some other ground for disposition of the case. *Louisiana Health Service & Indemnity Co. v. Rapides Healthcare System*, 461 F.3d 529, 532 n. 5 (5th Cir. 2006).

The state statute that the plaintiff alleges was violated by

the defendant is LSA-R.S. 22:1097, which provides in relevant part as follows:

> **§ 1097. Discrimination in rates or failure to provide coverage because of severe disability or sickle cell trait prohibited**
>
> A.  No insurance company shall charge unfair discriminatory premiums, policy fees or rates for, or refuse to provide any policy or contract of life insurance, life annuity, or policy containing disability coverage for a person solely because the applicant therefor has a severe disability, unless the rate differential is based on sound actuarial principles or is related to actual experience. No insurance company shall unfairly discriminate in the payment of dividends, other benefits payable under a policy, or in any of the terms and conditions of such policy or contract solely because the owner of the policy or contract has a severe disability.
>
> B. "Severe disability", as used in this Section, means any disease of, or injury to, the spinal cord resulting in permanent and total disability,....
>
> C. Nothing in this Section shall be construed as requiring an insurance company to provide insurance coverage against a severe disability which the applicant or policyholder has already sustained.[12]

When the issue is whether a state law provides a cause of action or private right of action for enforcement, the court examines the language of the statute.  When the statutory language is clear and unambiguous, and its application does not lead to absurd consequences, the statute must be applied as written without delving into legislative intent.  *Assoc. for Ret. Citizens/Ouachita*

---

[12] Subsection D prohibits insurance companies from unfairly discriminating against persons who have sickle cell trait.  LSA-R.S. 22:1097D.

6

*v. Wilson*, 43,193 (La.App. 2 Cir. 4/30/08), 981 So.2d 246, 251; Louisiana Civil Code Article 9. "The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting it." *Moore v. State Farm Fire & Casualty Company*, 556 F.3d 264, 270 (5th Cir. 2009).

In the absence of any decisions by the Louisiana Supreme Court or state appellate courts on an issue of state law, the court is required to employ the appropriate Louisiana methodology to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *In re Whitaker Const. Co., Inc.*, 439 F.3d 212, 224-25 (5th Cir. 2006); *Shaw Constructors v. ICF Kaiser Engineers, Inc.*, 395 F.3d 533, 546-47 (Cir. 2004), *cert. denied*, 546 U.S. 816, 126 S.Ct. 342 (2005). In making an "*Erie* guess" the court must employ Louisiana's civilian methodology, whereby the court first examines primary sources of law - the constitution, codes and statutes. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003).

*Burford* abstention applies when a case involves a complex issue of unsettled state law that is better resolved through a state's regulatory scheme. *Burford v. Sun Oil Co.*, 319 U.S. 315, 332, 63 S.Ct. 1098 (1943). Five factors are considered to

determine if *Burford* abstention applies: (1) whether the cause of action arises under federal or state law; (2) whether the case requires inquiry into unsettled issues of state law or into local facts; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in that area; and (5) the presence of a special state forum for judicial review. *Moore,* 556 F.3d at 272.

## Analysis

### The Statute Does Not Provide A Private Right of Action

Defendant acknowledged that no Louisiana state or federal court has directly addressed or decided whether LSA-R.S. 22:1097 provides a private right of action for violation of its provisions. Defendant argued that the language of the statute and some Louisiana federal district court cases support the conclusion that no private right of action exists.[13] Defendant also contended that even if the plaintiff could bring such a claim, nothing in the terms or application of the group disability policy is inconsistent with the prohibition against discrimination set forth in LSA-R.S. 22:1097.

Plaintiff also acknowledged that LSA-R.S. 22:1097 has not been interpreted by the courts, but asserted that it is reasonable to

---

[13] Defendant cited, two federal Eastern District of Louisiana cases: *J.C. Bern-Mas Investments, LLC v. Indian Harbor Insurance Co.*, 2008 WL 45407 (E.D. La. Jan. 2, 2008); *Weiss v. Allstate Insurance Company*, 2007 WL 1017341 (E.D. La. March 28, 2007).

find that the statute provides a right of action for violation of its provisions. According to the plaintiff, to find otherwise would render the law meaningless and undermine the legislature's intent. Plaintiff also argued that in the absence of state court decisions interpreting the statute this court should abstain under *Burford*.

Employing the usual civil law method of first looking at the primary source of law, LSA-R.S 22:1097, this court's the best *Erie* guess is that the Louisiana Supreme Court would decide that the law does not provide a right of action to persons alleging disability discrimination under its terms. This conclusion is supported by the language of the statute itself and the provisions of related statutes.

The statute has nothing in it about giving persons discriminated against the right to sue. Plaintiff cited no controlling or persuasive authority to support implying a personal right of action where none is expressly contained in the statute. The fact that the legislature did not create a right to sue an insurance company for violation of LSA-R.S. 22:1097 does not render the law meaningless.

This conclusion is supported by examining the statute in the context of the statutes surrounding it which prohibit insurers from engaging in other forms of discrimination. In the series of five statutes, with each one defining certain conduct by an insurer as

discriminatory, only one gives persons discriminated against a personal right of action to sue for relief.[14] That law is LSA-R.S. 22:35, which prohibits an insurer from refusing "to issue or fail to renew any policy or contract of property and casualty insurance to a person or business, solely because of the race of the applicant or the economic condition of the area in which the property sought to be insured is located, unless such refusal to issue or failure to renew is based on sound actuarial principles or is related to actual experience."[15]  Upon a finding of discrimination on the part of the insurer, the insurer can be held

---

[14] The five statutes are:
- LSA-R.S. 22:652 (renumbered LSA-R.S. 22:34)(prohibiting insurers from unfair discrimination between insureds having substantially like insuring risk, exposure factors or expense elements) - no subsection granting personal right of action)
- LSA-R.S. 22:652.1 (renumbered LSA-R.S. 22:1097)(prohibiting discrimination in rates or failure to provide coverage because of severe disability or sickle cell trait) - no subsection granting personal right of action)
- LSA-R.S. 22:652.2 (renumbered LSA-R.S. 22:1288)(prohibiting insurer from certain discriminatory acts against deaf or hard of hearing persons related to automobile liability insurance) - no subsection granting personal right of action
- LSA-R.S. 22:652.3 (renumbered LSA-R.S. 22:945)(prohibiting different criteria to determine maximum age for eligibility of dependents for dependent life coverage and dependent health and accident coverage) - no subsection granting personal right of action
- LSA-R.S. 22:652.4 (renumbered LSA-R.S. 22:35)(prohibiting insurer from discriminating solely because of race/economic condition in issuing/renewing policies of property and casualty insurance) - subsection D provides individual has personal right of action against the insurer.

[15] LSA-R.S. 22:35A.

liable for actual damages and reasonable attorney fees.[16]  This language specifically granting a private right of action is notably missing from the other four statutes, including LSA-R.S. 22:1097. Looking at LSA-R.S. 22:1097 in its entirety and in the context of the related statutes supports the conclusion that the legislature did not intend to provide a private right of action for a violation of LSA-R.S. 22:1097.

**There Is No Conflict Between the Policy and the Statute**

Even if an individual could sue under LSA-R.S. 22: 1097, there is no conflict between the terms of the policy and the statute. Plaintiff argued that the policy terms conflict with the statute because the policy definition of disability does not distinguish between a "severe disability" as defined by LSA-R.S. 22:1097 and disability due to other causes.  Plaintiff failed to explain how this is a conflict.  Moreover, the plaintiff's argument – that the defendant arbitrarily determined that post-polio syndrome caused her continuing disability rather than the injuries sustained in the car accident – is merely a restatement of her allegations that defendant made the wrong decision and in doing so violated LSA-R.S. 22:1097.[17]

Plaintiff also argued that the policy definition of preexisting condition conflicts with LSA-R.S. 22:1097 because the

---

[16] LSA-R.S. 22:35D.

[17] Petition, ¶¶ 22, 25-27.

11

definition does not except conditions due to "severe disability" as defined by the statute. According to the plaintiff, the effect of this failure is to permit the discrimination prohibited by the statute.

Plaintiff, however, noticeably failed to cite or discuss Subsection C of the law which states: "Nothing in the Section shall be construed as requiring an insurance company to provide insurance coverage against a severe disability which the applicant or policyholder has already sustained."[18] A plain reading of this provision shows that even if an insured has a severe disability as defined under the statute, if the insurer finds under the terms of the policy that the severe disability was "already sustained," the insurer is not required to provide coverage.

There is no apparent inconsistency between the statute, which clearly allows an insurance company to issue a policy with a provision excluding coverage for severe disabilities that the insured has already sustained, and the preexisting condition exclusion of the policy. The policy states in relevant part that the "plan does not cover any disabilities caused by, contributed to by, or resulting from your: ... -pre-existing condition."[19] The

---

[18] Plaintiff did cite Subsection D in support of her argument, but this subsection does not mention persons with a "severe disability." It specifically addresses unfair discrimination against persons with sickle cell trait.

[19] Record document number 15-2, Defendant Exhibit A-1, Group (continued...)

policy then defines a pre-existing condition:

> You have a pre-existing condition if:
>
> - you received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines in the 12 months just prior to your effective date of coverage, and
> - the disability begins in the first 24 months after your effective date of coverage unless you have been treatment free for 12 consecutive months after your effective date of coverage.[20]

The terms "preexisting" and "already" both generally mean something occurred previously, or before a specified time.[21] Plaintiff did not articulate a distinction, and there is no apparent difference, between the preexisting condition definition used in the policy and the "already sustained" language used in the statute. Thus, Subsection C negates the plaintiff's argument that the preexisting condition provisions of the policy conflict with LSA-R.S. 22:1097.

### *Burford* Abstention Is Not Warranted

Plaintiff also argued that *Burford* abstention is warranted. Plaintiff did not apply or analyze the *Burford* factors, and her one paragraph argument in support of abstention is cursory. Plaintiff

---

[19](...continued) Long Term Disability Policy No. 546864 001, LTD-BEN-15.

[20] *Id.*

[21] "Already" means "prior to a specified or implied past, present, or future time", or "previously." Merriam-Webster's Collegiate Dictionary 35 (11th ed. 2003). "Preexist" means "to exist earlier or before." *Id.* at 978.

merely emphasized the undisputed point that the case raises a claim and question arising under state law, which has not been interpreted by Louisiana courts.  Then, the plaintiff made conclusory statements that the importance of the state's interest is apparent, and that there is a broad statutory scheme governing the content and application of insurance policies in Louisiana.  These unsupported assertions are plainly insufficient to establish that *Burford* abstention is applicable in this case.

## Conclusion

Resolution of state law issues makes it unnecessary to resolve the ERISA preemptions issues raised by the defendant's motion.

The court finds that the plaintiff does not have a personal right of action for disability discrimination under LSA-R.S. 22:1097, nor could she establish such a claim if she did.  For this reason, judgment will be entered in favor of defendant Unum Life Insurance Company of America and against plaintiff Rhonda H. Morrison, dismissing the plaintiff's claim with prejudice.

Baton Rouge, Louisiana, August 26, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE